UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARMEEN DENISE WASHINGTON,

             Plaintiff,

-against-

NEUROLOGIST MICHAEL A. TOCCO,

             Defendant.

23-CV-5561 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this action alleging that Defendant violated her rights. By order dated July 27, 2023, the Court directed Plaintiff to amend her complaint to provide facts showing that the Court has subject matter jurisdiction of her claims. On September 27, 2023, Plaintiff filed a second amended complaint, and on October 5, 2023, Plaintiff submitted a letter with "additional exhibits." (ECF 11, 12.) The Court has reviewed Plaintiff's submissions. The action is dismissed for the reasons set forth below.

## BACKGROUND

Plaintiff's original complaint set forth the following facts. In the "Lenox Hill emergency room" on March 17, 2015, Dr. Tocco, a neurologist, "ordered . . . electronic implants to be placed in [her] fallopian tubes," and "wired [her] head /brain up with 25 wires to an EEG machine where [her] oxygen & physical actions [were] controlled by their manual control and demand." (ECF 1 ¶ III.) Plaintiff experienced "genital herpes, 4 rapes, one abortion, job loss . . . [and lost her] virginity." *Id.* Plaintiff requested $1 million in damages for her "potential offspring," and appointment of *pro bono* counsel. (*Id.* ¶ IV).

By order dated July 27, 2023, the Court: (1) held that it did not appear that it had subject matter jurisdiction of Plaintiff's claims under its federal question jurisdiction, 28 U.S.C. § 1331,

or diversity of citizenship jurisdiction, 28 U.S.C. § 1332; (2) directed Plaintiff to file an amended complaint to provide any additional facts to show that subject matter jurisdiction did exist; and (3) denied the motion for *pro bono* counsel.[1] (ECF 6.)

Plaintiff's second amended complaint is substantially similar to the original complaint. In it, Plaintiff clarifies that she is bringing this action under the court's federal question jurisdiction, and she further alleges that Dr. Tocco violated her "First Amendment Right and Freedom law and Pursuit of Happiness." (ECF 11 ¶ IA.)

A.    **Federal claim**

Because Plaintiff is asserting a constitutional claim, the Court construes Plaintiff's allegations as arising under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). In other words, a claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

---

[1] The Court denied a second motion for *pro bono* counsel that Plaintiff subsequently filed. (ECF 7, 8.)

As Defendant Dr. Tocco is a private doctor working at a private hospital, and there are no allegations that he works for, or has any affiliation with, any state or other government body, Plaintiff has not stated a claim against this defendant under Section 1983.

**B.    State law claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**LEAVE TO AMEND, LITIGATION HISTORY, AND WARNING**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's second amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

Plaintiff has filed a number of other *pro se* complaints. *See Washington v. Chong,* ECF 1:23-CV-1936, 4 (S.D.N.Y. July 24, 2023) (dismissing complaint against doctor for lack of

subject matter jurisdiction); *Washington v. JP Morgan Chase Bank Inc.*, ECF 1:23-CV-5819, 1 (S.D.N.Y. filed July 6, 2023) (pending); *Washington v. New York Police Dep't*, ECF 1:23-CV-5820, 5 (S.D.N.Y. Aug. 8, 2023) (directing Plaintiff to file an amended complaint); *Washington v. Abedin*, ECF 1:23-CV-5887, 1 (S.D.N.Y. filed Sept. 27, 2023) (amended complaint filed, matter pending); *Washington v. Lindsay*, ECF 1:23-CV-5888, 6 (S.D.N.Y. Oct. 6, 2023) (directing Plaintiff to file an amended complaint); *Washington v. Paris Production Berlin*, ECF 1:23-CV-5922, 6 (S.D.N.Y. Aug. 28, 2023) (directing Plaintiff to file amended complaint); *Washington v. Shukler*, 1:23-CV-8030, 4 (S.D.N.Y. Sept 27, 2023) (amended complaint filed, matter pending).

Plaintiff is warned that if she abuses the privilege of proceeding IFP, she may be ordered to show cause why she should not be barred, under 28 U.S.C. § 1651, from filing new actions IFP in this Court without prior permission. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements.)

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated: October 10, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge