UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARMEEN DENISE WASHINGTON,

                    Plaintiff,

          -against-

MICHAEL TOCCO, ET AL.,

                    Defendants.

23-CV-5561 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff filed this action *pro se* and *in forma pauperis* ("IFP") against a private doctor at

Lenox Hill Hospital. On October 10, 2023, after granting Plaintiff leave to replead her claims,

the Court dismissed the second amended complaint for lack of subject matter jurisdiction, the

same reason for the dismissal of the first two pleadings. (ECF 13.) On November 1, 2023,

Plaintiff filed a third amended complaint and an application for the court to request *pro bono*

counsel. (ECF 16, 17.)

        The Court liberally construes Plaintiff's filing of a third amended complaint as a motion

for reconsideration under Local Civil Rule 6.3, a motion to alter or amend judgment under Fed.

R. Civ. P. 59(e), and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b) *See*

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v.*

*Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a

variety of forms, including liberal construction of papers, "relaxation of the limitations on the

amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate,

continuing efforts to ensure that a pro se litigant understands what is required of him") (citations

omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

**DISCUSSION**

**A.**     **Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must

demonstrate that the Court overlooked "controlling law or factual matters" that had been

previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009).

"Such motions must be narrowly construed and strictly applied in order to discourage litigants

from making repetitive arguments on issues that have been thoroughly considered by the court."

*Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see

also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009)

("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision

as the opening of a dialogue in which that party may then use such a motion to advance new

theories or adduce new evidence in response to the court's ruling.'") (internal quotation and

citations omitted).

A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the

entry of the judgment." *Id.*

In the third amended complaint, Plaintiff added as defendants two other private doctors at

Lenox Hill Hospital and asserts similar claims arising from the medical treatment she received.

(ECF 17.) The addition of these new defendants, and whatever new allegations Plaintiff makes,

does not show that the Court has subject matter jurisdiction of this matter. Plaintiff has thus

failed to demonstrate that the Court overlooked any controlling decisions or factual matters with

respect to the dismissed action. The Court therefore denies Plaintiff's motion under Fed. R. Civ.

P. 59(e).

**B.      Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

**C.      Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

This matter is closed. To the extent Plaintiff, in filing a third amended complaint, seeks either reconsideration of the order and judgment dismissing this action, or further leave to file a third amended complaint, those motions are denied. The application for the court to request *pro bono* counsel is denied, and the Clerk of Court is directed to terminate it. (ECF 17.)

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other

documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why

Plaintiff should not be barred from filing further documents in this action.[1]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 21, 2023
         New York, New York

_____
/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[1] In the October 10, 2023 order, the Court noted that Plaintiff has filed multiple complaints in 2023, and warned her that if she abuses the privilege of proceeding IFP, she may be ordered to show cause why she should not be barred, under 28 U.S.C. § 1651, from filing new actions IFP in this Court without prior permission. (ECF 13.) That warning remains in effect.